UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIGUEL JIMENEZ

                        Plaintiff,                         **DOCKET NO.: CV-18-3911**

       -*against*-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
CHARLES JAVOROWSKY in his individual and           **COMPLAINT**
official capacities, POLICE OFFICER DANIEL BILZ,
in his individual and official capacities and POLICE
OFFICERS JOHN DOE(S)1-10, who are known by name
to the Defendants but as of yet are not fully known to
the Plaintiffs,

                                   ***JURY TRIAL DEMANDED***

                     Defendants.
------------------------------------------------------------------------X

       Plaintiff, Miguel A. Jimenez, by and through his attorneys, The Law Offices of Frederick

K. Brewington, as and for his Complaint against defendants, respectfully states and alleges, upon

information and belief, as follows:

## PRELIMINARY STATEMENT

       1.      This is a civil action for monetary relief (including past and ongoing economic

loss),compensatory damages, special damages and punitive damages, disbursements, costs and

fees brought under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. This action is brought against the

County of Nassau, Nassau County Police Department, Police Officer Charles Javorowsky, Police

Officer Daniel Bilz and Police Officers John Doe(s) 1-10 for committing acts under color of law

and depriving plaintiff of rights secured by the Constitution, the laws of the United States and the

State of New York.

2.     Plaintiff alleges that Defendants engaged in unlawful conduct including false arrest, false and unlawful imprisonment, excessive force, malicious prosecution, fabrication of evidence, assault, battery, theft, criminal mischief, abuse of process, trespass, negligent and intentional infliction of emotional distress that resulted in physical and emotional harm, property damages, psychological damages and damage to name and reputation.  All acts were committed under the color of law and depriving Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York.

3.     Specifically, Plaintiff  alleges that the Defendants, collectively and individually, negligently, wantonly, recklessly, intentionally, and/or knowingly sought to and did wrongfully deprive Plaintiff of various Constitutional rights, pursuant to the above mentioned federal statutes and causes of action by committing acts under the color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York, which includes but is not limited to the denial of due process, procedural due process, substantive due process, assault and battery, trespass, unlawful use of excessive force, negligence, intentional infliction of emotional distress, failure to properly train, negligent supervision, and failure to warn and educate, and negligence in failing to provide proper medical care for Plaintiff Miguel Jimenez, in violation of 42 U.S.C. Section 1983 including Municipal Liability, and violations of the First, Fourth, Fifth, Fourteenth Amendments of the United States Constitution and related state law claims as set forth below.

4.     Plaintiff alleges that the Defendants were negligent in training, hiring and supervising officers, thus leading to the unjustified unlawful conduct including false arrest, false and unlawful imprisonment, malicious prosecution, assault, battery, trespass, excessive force, abuse of process, fabrication of evidence and intentional infliction of emotional distress that resulted in physical and

emotional harm, property damage, psychological damages and damage to name and reputation of Miguel Jimenez.

5.      Plaintiff Miguel Jimenez was illegally and unlawfully assaulted, abused, harassed, tackled, thrown, handcuffed, restrained, made to fear for his life, made to suffer extreme physical pain and emotional distress, injured physically and mentally, detained, falsely arrested, falsely imprisoned, arrested, seized and searched, caused to suffer fear of death and otherwise harmed without just cause.  Plaintiff Miguel Jimenez was made to suffer inhumane treatment, cruel and unusual punishment, humiliation and was deprived of his Constitutional and civil rights all without basis or reason.

6.      The Defendants used unjustified force on Plaintiff and deprived Plaintiff of his civil and constitutional rights. Defendants assaulted Plaintiff Miguel Jimenez and subjected him to abuse.

7.      Defendants are liable for the false arrest, assault, battery, malicious prosecution, abuse of process, excessive force, fabrication of evidence and false imprisonment on Plaintiff. Furthermore, the conduct  resulted in a significant amount of damage to the residential property of Miguel Jimenez while making him and his family feel unsafe in their own home.

8.      Defendants County of Nassau and Nassau County Police Department, as part of a pattern, practice and custom, failed to properly train/discipline, investigate, supervise and discipline the actions of Defendant Police Officers before, during and after the improper conduct towards Plaintiff.

9.      Defendants County of Nassau and Nassau County Police Department were negligent in training, hiring and supervising Defendant Police Officers, thus leading to the unjustified

3

excessive force, verbal abuse, assault, battery, false arrest, false imprisonment, malicious prosecution, fabrication of evidence and property damage to Plaintiffs' persons and property.

10.     Defendants County of Nassau and Nassau County Police Department are liable for engaging in a policy and practice of failing to train and/or supervise Defendant Police Officers with respect to their duties, tasks, and obligations under their respective and accepted policies, procedures, and operations manuals. Such lack of training and supervision directly led to the unjustified excessive force, assault, false arrest/imprisonment, malicious prosecution, fabrication of evidence, violation of Plaintiffs' procedural and substantive due process rights, violation of Plaintiffs' constitutional rights, and property damage to Plaintiffs' persons and property.

## JURISDICTION AND VENUE

11.     The Jurisdiction of this Court is invoked under 28 U.S.C. § § 1331 and 1343.

12.     Venue herein is proper under 28 U.S.C. § 1391 (b);  the cause of action arose in the Eastern District of New York, and all of the Parties are employed and/or are located in Nassau County, New York State.

13.     Plaintiff has informed the County of Nassau and Nassau County Police Department of his concerns and about his mistreatment with nothing being done to remedy or address the abuse to which he has been subjected.

14.     That all conditions precedent to instituting the lawsuit have been complied with in a timely manner including but not limited to the filing of a notice of claim on March 26th, 2018.

15.     More than 90 days has passed since the service of the Notice of Claim. Defendants have failed to request or conduct a hearing pursuant to General Municipal Law Section 50-h.

4

## PARTIES

16.     During all times mentioned in this complaint, the plaintiff Miguel Jimenez (hereinafter "Plaintiff")  was and still is a citizen of the United States, residing in the County of Nassau and State of New York. Mr. Jimenez is of Hispanic heritage and is a man with brown skin.

17.     The defendant County of Nassau (hereinafter "County") is a duly constituted municipal corporation of the State of New York and is and was the employer of the named police personnel.

18.     The defendant Nassau County Police Department (hereinafter "Police Department") was and is an agency of the County.

19.     During all times stated herein, Defendant Police Officer Charles Javorowsky, (hereinafter "Javorowsky"), a white male, was and still is a police officer in the Nassau County Police Department, and at all times was acting in his official capacity and was employed by the County and Police Department acting under the direction of defendants County and the Police Department.

20.     During all times stated herein, Defendant Police Officer Daniel Bilz, (hereinafter " Bilz"), a white male, was and still is a police officer in the Nassau County Police Department, and at all times was acting in his official capacity and was employed by the County and Police Department acting under the direction of defendants County and the Police Department.

21.     During all times herein mentioned the defendants Police Officers John Doe(s) 1-10 (hereinafter "Defendant Officers"), all of whose names are known to the County and Police Department, were police officers in the County Police Department acting in their official and individual capacities and were employed by the County acting under the direction of defendants

County and Police Department, and are sued herein individually and in their official capacities. Each of the John Doe officers involved in this case were white males.

22.     During all times mentioned in this complaint, the defendants were acting under color of law, to wit, under color of constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Nassau.

23.     During all times mentioned in this complaint the defendants and each of them, separately and in concert, engaged in acts or omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff and while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, malicious, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

24.     Each of the defendants at all times relevant to this action had the power and the duty to restrain the other Defendants and intervene and prevent them from violating the law and the rights of the Plaintiff but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the plaintiff.

## FACTUAL ALLEGATIONS

25.     On January 1, 2018, at approximately 6:20 p.m, Plaintiff, Miguel Jimenez had guests to his house. Those guests were Douglas Kuhn and his wife Annie McMenamin- Kuhn. Plaintiffs' house is located at 212 Gordon Avenue, Westbury. NY 11590.

26.     While Plaintiff and his family were hosting the guests, Douglas Kuhn became belligerent due to his being intoxicated and began to punch holes in the walls.

6

27.     Plaintiff's wife, Jacqueline Jimenez, asked Mr. Kuhn to leave but he refused. At this time, Plaintiff's daughter, Emalee Jimenez, called the police in hopes of controlling the situation.

28.     As requested, Mr. Kuhn and his wife; Ms. Kuhn, eventually exited the house prior to the time the police arrived and Plaintiff decided it would be best to stay inside his home. At no time during or after the arrival of the Defendant Officers was Douglas Kuhn in Plaintiff's residence.

29.     Upon arrival, approximately six police officers approached Mr. Kuhn who was on or near the side walk and asked him to put his hands on the hood of the roof of a car. Mr. Kuhn complied with the instructions and the police officers then proceeded to handcuff him.

30.     Upon seeing her husband being handcuffed, Ms. Kuhn became upset and without the use of any physical interference verbally protested her husband's arrest,

31.     Seeing that Ms. Kuhn was visibly shaken up, Plaintiff came outside of his house to calm her down when one of the officers yelled, "Get her the fuck away from me!"

32.     In hopes of diffusing the situation, Plaintiff told Ms. Kuhn not to interfere and escorted her back to his house while maintaining a calm and non-confrontational demeanor. Ms. Kuhn went with Plaintiff voluntarily.

33.     While Plaintiff was walking back to his home, the officers called out to him and asked him to sign a deposition. Plaintiff asked if he was being detained to which the officers responded he was not. Plaintiff declined the request of the police and refused to sign anything.

34.     Plaintiff's dogs, which were in his home, were barking and making noise. Concerned for the safety of his dogs and desire to maintain a calm environment, Plaintiff declined any further contact or conversation with police and said he needed to go control his dogs.

7

35.     The officers then twisted Plaintiff's statement and responded, "Oh you going to sic your dogs on us?"

36.     Plaintiff shocked by the officers statements stated, " You know damn well I did not say that" and asked the officers to "stop escalating the situation."

37.     Plaintiff promptly went back inside his home, locked his doors and was voluntarily joined by Ms. Kuhn.

38.     Plaintiff, speaking through a window, politely asked the officers to leave his property but they refused.

39.     At that point, Plaintiff was fearful and disturbed by the police officer's tones, statements and actions and decided to use his cell phone, through his window, to record the officers who were outside his house. Plaintiff was recording the police action as a safety measure.

40.     Plaintiff recorded the officers outside his house for approximately an hour, during which the officers began to insist that the Plaintiff let them in his house.

41.     Plaintiff refused to allow the officers into his home without a warrant.

42.     The officers told Plaintiff that he was going to get arrested for not signing an affidavit to which the plaintiff refused. Plaintiff stated that not signing an affidavit was not a charge and he refused to sign an affidavit.

43.     The officers berated the plaintiff and continued to insist that plaintiff let them inside his house. Plaintiff again refused and asked the officers to leave his property for a second time.

44.     This time the officers told the Plaintiff he was going to be arrested for recording them.

45.     At this time, the Plaintiff stated that he had a right to record the police officers and was not committing any crime given that the officers were in public and had no expectation of privacy.

46.     Plaintiff again asked the police officers to leave his property. They refused to adhere to Plaintiffs repeated requests.

47.     After the passage of more time, the police officers changed their charge yet again and told Plaintiff that he was to be arrested for holding someone against their will.

48.     Plaintiff, frustrated and shocked, told the officers that he was not going "to play their games" and explicitly and loudly told Ms. Kuhn to please leave his house.

49.      Plaintiff escorted Ms. Kuhn to the side door of the house and as he opened the side door for her to exit, he heard a loud bang.

50.     The officers broke down plaintiff's front door, entered his home and then tackled him from his blind side down to the floor while hitting him on the top and back of his head.

51.     The three officers who were present began to verbally and explicitly abuse the Plaintiff. As they punched and manhandled Plaintiff, they called Plaintiff a "fucking spic", a "fucking piece of shit" and stated "you want to be a cell phone warrior?"and "record this mother fucker."

52.As the plaintiff was being tackled to the ground, he dropped his phone which was then wrongfully and unlawfully confiscated by the officers.

53.     As he was being beaten, abused, cursed and disparaged, Plaintiff was filled with immense fear. Due to the overwhelming fear Plaintiff defecated himself as he was being physically and verbally abused by the officers.

54.     The officers continued to beat the Plaintiff and eventually placed Plaintiff in handcuffs. At no time did the Plaintiff resist the police despite their continued physical, verbal and psychological abuses.

55.     After being tackled, cursed, beaten and verbally abused, Plaintiff told the officers that he had defecated himself and asked them to give him an opportunity to clean up and change his clothes.

56.     While mocking him, the officers refused to allow Plaintiff to change and/or clean himself.

57.     Humiliated, horrified and scared the Plaintiff was taken by the officers to their car all while enduring their continued verbal abuse. The officers said, "all this because you would not sign a fucking statement, you fucking asshole."

58.     Plaintiff was then taken to the third precinct and was held there until approximately 5:00 am the following day.

59.     Plaintiff asked what he was being charged with and the officers replied that they did not know yet and would tell him when they did.

60.     Plaintiff was then taken to the Mineola headquarters at approximately 5:30 a.m.

61.     Plaintiff was never informed of any of his rights and was not informed of his charges until he was produced for arraignment in court.

62.     Plaintiff was charged with Unlawful Imprisonment in the Second Degree, Resisting Arrest and Assault in the Second Degree, which are two misdemeanor charges and one felony charge for which bail was set to $1000 bond or $500 dollars. Plaintiff was arraigned on January 2nd 2018 and followed up with a court date on January 24th, 2018 at Nassau District Court.

10

63.     Defendant officers and the District Attorneys office knew or had reason to believe that the charges were false and baseless.

64.     The false charges were malicious and intended to abuse criminal legal process to mask the wrongful, improper, abusive discriminatory and violent actions taken against Plaintiff by Police Officer Javorowsky, Police Officer Bilz and John Doe(s) 1-10. At the time of the filing of this complaint the charges are pending and Plaintiff has been deprived of his liberty and must appear in court.

65.     As a result of improper, vindictive and false allegations and abuses leveled against Plaintiff he has been and is being subjected to false arrest, malicious prosecution, abuse of process, excessive force, fabrication of evidence, denial of access to the courts and all of his rights by defendant police and the District Attorney's office. At the time of the filing of this complaint those criminal charges are pending against Plaintiff.

66.     Plaintiff's civil rights were violated, he suffered permanent and painful physical damages and injuries including but not limited to personal injuries to his body and mind, unnecessary and unwanted pain and suffering, permanent damage to reputation and standing in the community, humiliation, embarrassment, fear for his life, loss of comfort, property damage, extreme mental and emotional harm and stress, loss of earnings, impairment of earning and other injuries not yet fully ascertained.

## AS AND FOR COUNT ONE
### 42 U.S.C. § 1981

67.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 66 of this Complaint with the same force and effect as though fully set forth herein.

11

68.     Plaintiff was racially discriminated against by Officers Javorowsky, Bilz and Defendant Officers  by the use of racial slurs and while abusing Plaintiff referring to him as a "fucking spic."

69.     Plaintiff was detained, arrested, assaulted and maliciously prosecuted by Defendants Javorwosky, Bilz and Defendant Officers and his race and color were factors as the officers saw Plaintiff as a "fucking spic."

70.     Plaintiff was denied privileges and immunities because of his race/color. The use of the term, "fuck spic" was said with disdain and in an uncomplimentary fashion.

71.     The above referenced conduct was part of deliberate and concerted actions aimed at Plaintiff in acts of bias, abuse, and discrimination, based on race, by County, Police Department, Javorowsky, Bilz and Defendant Officers which violates 42 U.S.C. §1981 as amended by the Civil Rights Restoration Act of 1991 (Publ. Law No. 102-406).

72.     While referring to Plaintiff as a "fucking spic," Defendant Javorowsky, Bilz and Defendant Officers continued the aforesaid discriminatory treatment of Plaintiff on an ongoing basis, and all Defendants above alleged conduct was part of a systemic pattern and practice of discrimination (against Plaintiff as a Hispanic male.) This wrongful action by these officers was adopted, supported, encouraged, and authorized by Defendants County and the Police Department.

73.     As a direct consequence of the actions of Javorowsky, Bilz and Defendant Officers, acting in furtherance of their duties as agents of County and Police Department suffered injuries, including but not limited to pain, suffering, fear, economic loss, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to his under the U.S. Constitution.

12

74.     As a direct consequence of the  actions of the Collective Defendants, Plaintiff suffered financial loss, loss of standing in the community, loss of time, loss of freedom, loss of quality of life, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

75.     That by reason of the foregoing, Plaintiff has been damaged in the sum of three million ($3,000,000.00) dollars- not including costs of this action, attorneys fees pursuant to 42 U.S.C. § 1988 as well as punitive damages against Nassau County, Police Department and Defendant Officers.

**AS AND FOR COUNT TWO**
**42 U.S.C. § 1983**
**First, Fourth, Fifth and Fourteenth Amendment Violations- Including but not limited to**
**UNLAWFUL TREATMENT DUE TO RACE/COLOR**

76.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 75 of this Complaint with the same force and effect as though fully set forth herein.

77.     The Defendant Officers, Officer Javorowsky and Officer Bilz, under the color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law in a violation of 42 U.S.C. § 1983 thereby depriving Plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendment of the United States Constitution.

78.     The abusive, malicious and unreasonable actions committed by Police Department, County, Officer Javorowsky, Officer Bilz and Defendant Officers were done in furtherance of their intent to deny Plaintiff's equal protection under the law - based on his race, heritage and speech which was expressive and based on their treatment of people with color by the police in Nassau County - a matter of public concern in violation of his First, Fourth, Fifth and Fourteenth

Amendment rights. This was evident in referring to Plaintiff as a "fucking spic" during their abuse and mistreatment of Plaintiff.

79.     The Defendants Officers, Officer Javorowsky and Officer Bilz failure  to stop these wrongful actions constitutes a breach of their duty, as public servants acting under the color of law, to do so under the First Amendment.

80.     Each named Defendant knew that their respective actions were in violation of the Plaintiff's right to equal protection, free speech, to freely record as he wished, which they knew or should have known were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

81.     Defendant Officers, Officer Javorowsky and Officer Bilz acting within the scope of their official authority as state actors, contrary to the various Constitutional and statutory rights secured to the Plaintiff, and acting with malicious intent, misrepresented facts in order to justify the maltreatment and violation of the First Amendment right to free speech against the Plaintiff.

82.     The Police Department and County's position of taking no action and refusal to discipline the Defendants Officers, Officer Javorowsky and Officer Bilz for their misconduct against Plaintiff is neglectful of their duty to prevent the further violation of Plaintiff's rights under 42 U.S.C. § 1983, with such  violation occurring as a result of said officers being improperly cleared of any wrongdoing, despite substantial evidence to the contrary.

83.     None of the Defendants took action to prevent the wrongful actions or intervened to stop the acts taken against the Plaintiff,  including but not limited to beating Plaintiff, referring to him as a "fucking spic,"causing false criminal proceedings to continue against the Plaintiff, abuse of process and retaliation for trying to exercise his right to freely record public officers while on

14

duty. All of these acts and failures were in violation of Plaintiff's rights to equal protection.

84.     Each of the Defendants condoned the wrongful, grossly negligent, reckless, callous, discriminatory, careless and intentional acts taken as set out herein and each had an affirmative responsibility to prevent, expose and reverse said wrongful, grossly negligent, reckless, callous, careless and intentional acts but instead furthered and condoned said wrongful acts. Said actions were aimed at silencing Plaintiff, to keep him, as a Hispanic male, silent.

85.     Plaintiff's Fourth Amendment Rights were violated when Defendant Officers, Officer Javorowsky and Officer Bilz forcefully entered into Defendants home and wrongfully and illegally confiscated Plaintiff's phone without the issuance of any warrant.

86.     Each named Defendant knew that their respective actions were in violation of the Plaintiff's right to protection in his own home and to unreasonable searches. Each named Defendant knew that their actions were unreasonable, unlawful, and a breach of the Plaintiff's rights under a well organized and clearly established law.

87.     Plaintiff's Fifth Amendment Rights were violated when Defendant Officers, Officer Javorowsky and Officer Bilz broke down Plaintiff's front door without cause, used excessive force and  physically abused Plaintiff by brutally beating, tackling and hitting Plaintiff aggressively in the head.

88.     Defendant Officers, Officer Javorowsky and Officer Bilz caused Plaintiff to be seized, arrested, and held in a dangerous, compromising position for an unreasonable time without, probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

89.     Plaintiff's Fourteenth Amendment Rights to due process and equal protections rights were violated, as he as a Hispanic male, "not a fucking spic," was subjected to maltreatment that his white, persons would not be subjected to.

90.     Plaintiff is a brown skinned Hispanic male and is part of a protected class.  Defendant Officers, Officer Javorowsky and Officer Bilz in committing such acts violated Plaintiff's right to substantive due process and equal protection rights, which were marked by referring to Plaintiff as a "fucking spic" while beating and abusing him.

91.     The Police Department and County through their actions, violated the due process rights guaranteed to Plaintiff under the Fourteenth Amendment of the United States Constitution.

92.     Plaintiff exercised his right to freely record officers while on duty outside his home when he felt unsafe and threatened. He also continued to exercise his right to speak, record and deny the signing of any documents while being harassed, cursed at, abused, and subjected to racial slurs and unlawfully searched, seized, arrested and confined by Defendant Officers, Officer Javorowsky and Officer Bilz .

93.     As a direct consequence of the actions of Defendant Officers, Officer Javorowsky and Officer Bilz acting in furtherance of their duties as agents of the Police Department and County, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

94.     As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular

income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

95.     That by reason of the foregoing, Plaintiff has been damaged in the sum of three million ($3,000,000.00) dollars- not including costs of this action, attorneys fees pursuant to 42 U.S.C. § 1988 as well as punitive damages against Plaintiff .

**AS AND FOR COUNT THREE**

**42 U.S.C. § 1983**

**FALSE ARREST, MALICIOUS PROSECUTION, EXCESSIVE AND UNREASONABLE FORCE**

96.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 95 of this Complaint with the same force and effect as though fully set forth herein.

97.     The Defendants Officer Javorowsky, and Officer Bilz lacked reasonable cause to harass, assault, batter, seize, menace and/or otherwise subject Plaintiff to excessive physical contact.

98.     The Defendant Officers, Officer Javorowsky and Officer Bilz lacked reasonable cause to arrest Plaintiff or retain him in prolonged custody.

99.     The wrongful detainment, wrongful arrest, fabrication of evidence, excessive force and other wrongful acts conducted against the Plaintiff by Collective Defendants, their agents, employees and servants, were committed under the color of law, customs and statutes of the State of New York to deprive Plaintiff of his various Constitutional rights.

100.    Plaintiff was falsely seized, falsely detained and falsely arrested by  Defendant Officers, Officer Javorowsky and Officer Bilz and unreasonably subjected to excessive and unreasonable force and unreasonable search and seizure.

101.    Plaintiff was silenced, placed in fear of his life, falsely arrest, falsely seized, detained, and held for an unreasonable period of time against his will without justification, explanation or rationale for such detention.

102.    Such search, seizure, arrest, detention and assault was ordered, condoned and authorized by County and Police Department, its agents, employees, and servants including but not limited to Defendant Officers, Officer Javorowsky and Officer Bilz  with unreasonable, callous, deliberate indifference to Plaintiff's innocence and physical welfare.

103.    As part of the false arrest, detention and accusation, Defendant Officers, Officer Javorowsky and Officer Bilz caused plaintiff to be seized, arrested and held in a compromising position for an unreasonable time without probable cause and caused him to be deprived of his liberty, without due process and was further exposed to disgrace, public humiliation and embarrassment.

104.    Defendants individually and collectively knew at the time of the Plaintiff's arrest and at all times since then that the Plaintiff was falsely accused of the criminal activity alleged and the Plaintiff's arrest was based solely, or in part on Defendant Officers, Officer Javorowsky and Officer Bilz motive or intent to cover-up their race based behavior, unwarranted use of their authority and excessive force upon Plaintiff.

105.    Each of the individual Defendants, acting under color of the law, acted unreasonably, and separately and/or in concert acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his right to freedom from illegal seizure and freedom from illegal detention and imprisonment. All of these rights are secured to Plaintiff by the provisions of the Due Process clause of the Fifth and Fourteenth Amendment to the Constitution of the United States, the Fourth Amendment and by 42 U.S.C. §1983.

106.    In falsely arresting, abusing, detaining, threatening, terrorizing, intimidating, and interrogating Plaintiff, the Defendants each knew or should have known they were violating laws of the State of New York and those statutory and Constitutional rights set forth herein and have failed to prevent the same and therefore acted in concert to harm Plaintiff.

107.    As a direct and proximate result of the aforesaid acts of collective defendants, plaintiff suffered great physical harm, mental anguish and violation of rights from then until now and he will continue to suffer in the future having been greatly humiliated and mentally injured, as a result of the foregoing acts of the defendants.

108.    As a direct consequence of the actions of  Defendant Officers, Officer Javorowsky and Officer Bilz , acting in furtherance of their duties as agents of County and Police Department, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, loss in reputation and standing, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

109.    As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

110.    That by reason of the foregoing, Plaintiff has been damaged in the sum of three million ($3,000,000.00) dollars- not including costs of this action, attorneys fees pursuant to 42 U.S.C. § 1988 as well as punitive damages against Plaintiff.

## AS AND FOR COUNT FOUR
### 42 U.S.C §1983 - FABRICATION OF EVIDENCE

111.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 110 of this compliant with the same force and effect as fully set forth herein.


112.    Defendants County, Police Department, Defendant Officers, Officer Javorowsky and Officer Bilz  fabricated evidence against Plaintiff to deprive Plaintiff, a Hispanic male, of his First, Fourth, Fifth and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully strike fear and threaten to brutalize Plaintiff.

113.    Upon information and belief, the Defendants further deprived the Plaintiff of his due process rights; specifically, by conspiring to unlawfully use force and covering up the use of force including the severe verbal and physical abuse of Plaintiff, without reason or justification, rule of law, and by further denying the Plaintiff his Fifth Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent Plaintiff from being compensated for their unlawful conduct and unjustified beatings causing the Plaintiff to suffer severe physical and emotional harm.

114.    Upon information and belief, the individual Defendant Officers, Officer Javorowsky and Officer Bilz were acting in their personal interests, wholly and separately from the Defendant County. The Defendant Officers, Officer Javorowsky and Officer Bilz actions were taken separate and apart from their duties to arrest and prosecute suspected criminals.

115.    In an effort to cover-up their wrongdoing, the officers along with other members/officers of the County and Police Department, their agents and employees, who are known

by name to the People and the Police, wrote and gave false statements and testimony; provided false police reports, tampered with evidence, placed false evidence at the crime scene, intimidated eye-witnesses, intimidated Plaintiff and his family, falsely arrested Plaintiff, falsely accused Plaintiff of crimes which he did not commit, falsely prosecuted Plaintiff, subjected Plaintiff to a malicious criminal process, abused process, wrote and submitted false investigations/reports and/or provided false information in furtherance of an official investigation into the incident.

116.   The actions by Defendants denied the Plaintiff his due process and equal protection under the law. All of these rights are guaranteed to the Plaintiff under U.S.C. §§ 1981, 1983, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

117.   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously harmed, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

118.   As a direct result of said acts, Plaintiff has suffered and continues to suffer repeated, severe and permanent psychological, emotional and physical trauma and damage, including distress, humiliation, embarrassment, great financial expense and damage to his reputation, and the emotional and psychological trauma as alleged in the preceding paragraphs of the within complaint.

119.   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT FIVE
### 42 U.S.C §1983 - ABUSE OF PROCESS

120.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 119 of this Complaint with the same force and effect as though fully set forth

herein.

121.    The Collective Defendants intentionally, recklessly and maliciously filed and/or

caused to be filed, a false, inaccurate, and/or misleading criminal complaint against Plaintiff. Said

criminal complaint was made by the aforementioned Collective Defendants  without research and

investigation (of any kind) into the veracity and/or truthfulness of said complaint.

122.    The false criminal complaint lodged by Collective Defendants against Plaintiff was

done with knowledge that the facts contained therein were false, misleading and/or otherwise

inaccurate.

123.    Defendants Officers, Officer Javorowsky and Officer Bilz did not file said criminal

complaint as a result of actual knowledge that a crime was committed, determined through

investigation and/or a simple rudimentary search, which was available to Defendants.

124.    Instead, Defendant  Officers, Officer Javorowsky and Officer Bilz  filed said false

criminal complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff as

punishment without lawful court order and to collect payment and various forms of restitutions from

Plaintiff to which Defendants were not entitled.

125.    Collective Defendants subjected Plaintiff to the criminal justice system without just

cause or reason. Collective Defendants abused the criminal justice system in arresting, charging,

prosecuting and conducting a public trial in attempt to satisfy their personal attempt to satisfy their

personal goals of abusing a Hispanic man and to further their own purposes of exercising their privilege for their own warped sense of power.

126.    The County and Police Department's motive for subjecting Plaintiff to false criminal process included but was not limited to a cover-up of their wrong doings, and to level their charges against Plaintiff in an effort to ensure that Plaintiff would be convicted and would not be able to pursue his rights in court for his false arrest.

127.    The Defendants' clear intentions was to use the criminal justice system to cause harm to Plaintiffs without proper motive, excuse or justification of any kind.

128.    Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiffs solely for a purpose that was/is outside the legitimate ends of the legal process.

129.    Defendants County and Police Department had knowledge of the inaccuracy and/or falsity of said criminal complaints made by Defendants Officer Javorowsky, Officer Bilz, Defendant Officers and without any investigation and/or rudimentary query, intentionally, recklessly and maliciously caused to be filed, said false, inaccurate, and/or misleading criminal complaint against Plaintiff.

130.    The subsequent false arrest and malicious prosecution of Plaintiff was done by the Defendants County, Police Department, Officer Javorowsky, Officer Bilz and Defendant Officers with knowledge that the facts contained therein were false, misleading and/or otherwise inaccurate.

131.    Defendant Officers, Officer Javorowsky and Officer Bilz did not initiate the arrest and prosecution of Plaintiff as a result actual knowledge that a crime was committed.

132.    Instead, Defendant Officers, Officers Javorowsky and Officer Bilz searched, seized, harassed, annoyed, falsely arrested, falsely imprisoned, and maliciously prosecuted Plaintiff with an ulterior purpose/motive to collect payments, and fees. Defendants were motivated by the intent to subject Plaintiff to the criminal system in order to force, coerce and justify restitutions, payments and fees from Plaintiff and to shield themselves from liability from the wrongful actions committed against Plaintiff.

133.    Defendants' County, Police Department, Officer Javorowsky, Officer Bilz and Defendant Officers clear intention was to falsely arrest, and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

134.    Defendants' County, Police Department, Officer Javorowsky, Officer Bilz and Defendant Officers, use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process (i.e. to prevent criminal and professional liability to Defendants and to obtain personal monetary returns).

135.    As a direct consequence of the actions of Officer Javorowsky, Officer Bilz and Defendant Officers, acting in furtherance of their duties as agents of County and Police Department, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

136.    As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, arrest record, premature retirement and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss

of property and other financial impairments. Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

137.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT SIX
## 42 U.S.C. § 1985 CONSPIRACY TO VIOLATE CIVIL RIGHTS

138.     The Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 137 of this Complaint with the same force and effect as though fully set forth herein.

139.     Defendant Officers, Officer Bilz and Officer Javorowsky conspired to violate Plaintiff's rights, when they collectively decided that they would enter his home unlawfully under various false accusations and physically abuse him, as a reaction to nothing but Plaintiff's exercise of his First Amendment right to free speech in reaction to questions asked by Defendant Officers, Officer Javorowsky and Officer Bilz

140.     Defendant Officers, Officer Bilz and Officer Javorowsky expressly and impliedly, agreed with each other to bring about plaintiff's seizure, arrest, detention and false accusation, all without lawful or proper basis or justification. All without consideration of plaintiff's rights and in violation of all of plaintiff's rights.

141.     Defendant Officers, Officer Bilz and Officer Javorowsky conspired for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice by falsely arresting, falsely accusing, falsely charging and maliciously prosecuting Plaintiff.

142.     Defendant Officers, Officer Bilz and Officer Javorowsky's accusations and allegations against Plaintiff were false, malicious, negligent, reckless, intentional and wrongful and were intended to cause Plaintiff injury and to harass Plaintiff due to his race/ color.

143.     County and Police Department knew of the wrongful and abusive and violative acts of Defendant Officers, Officer Bilz and Officer Javorowsky and conspired to allow their false claims, malicious prosecution, false arrest, abuse of process, mistreatment and other wrongful and demeaning acts to occur and continue including the detention of Plaintiff against his will, full processing, proffering of false charges, finger printing, taking mug shot, opposition of motions, supporting prosecution, providing false statements and testimony, agreeing to force Plaintiff to a public trial and other agreements and actions not yet fully known to Plaintiff.

144.     As a consequence of Collective Defendants wrongful actions, intentional,

negligence, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of aforesaid unlawful conduct of Defendants.

145.     The false arrest, false imprisonment, excessive force and violation of the laws of the State of New York and Plaintiff's civil rights were brought about and caused by the condoned and conspired actions of Defendant Officers, Officer Bilz and Officer Javorowsky and that the same was a clear and intentional abuse of process causing Plaintiff Damage. All of these rights are secured to Plaintiff by the provisions of the Constitution of the United States and by 42 U.S.C. § 1985.

146.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT SEVEN
### 42 U.S.C. §§ 1983 AND 1986 - FAILURE TO INTERVENE

147.     The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 146 of this Complaint with the same force and effect as though fully set forth herein.

148.     Defendant Officers, Officer Bilz and Officer Javorowsky knew or should have known that the false accusations, detainment, false arrest, seizure of property and excessive force used violated the Plaintiff's rights, guaranteed to him under the First, Fourth, Fifth and Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983 and 1986.

149.     Each of the said Defendants had the authority, ability and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, seizure of property and excessive force against Plaintiff , yet neglected to prevent said violations from occurring, and further failed to intervene to protect or aid the Plaintiff when such violations did in fact occur.

150.     Despite being placed on clear and detailed notice, County and Police Department have failed to stop these wrongful actions, which constitutes  a breach of duty to do so under 42 U.S.C. § 1986.

151.     Defendant Officers, Officer Bilz and Officer Javorowsky knew or should have known that the fabricated accusations against, and excessive force used against Plaintiff were violative of

his Fourth, Fifth and Fourteenth Amendment rights to due process, and were tantamount to unequal protection under the law, in violation of the Plaintiff's fundamental rights under the constitution.

152.   The Collective Defendants had and continue to have the power to prevent the continued due process violations against Plaintiff, yet, failed to prevent or dismiss the fabricated charges against the Plaintiff, or to protect the Plaintiff from the unwarranted penalties of aid charges.

153.   Defendants County and Police Department exoneration of and refusal to discipline the Defendant Officers, Officer Bilz and Officer Javorowsky for their misconduct against Plaintiff is neglectful of their duty to prevent the further violation of Plaintiff's right to compensation under 42 U.S.C §§ 1981, 1983, and 1986, with such violations occurring as a result of said officers being improperly cleared of any wrongdoing.

154.   As a direct consequence of the actions of Defendant Officers, Officer Bilz and Officer Javorowsky acting in furtherance of their duties as agents of County and Police Department, Plaintiff suffered injuries, including but not limited to, temporary loss of pay, stigmatization, embarrassment, harassment, loss of liberty and the infringement of his rights guaranteed to him under the U.S. Constitution.

155.   As a direct consequence of the of the actions of the Collective Defendants, Plaintiff suffered temporary loss of employment, loss of standing in the community, loss of time, criminal record, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damage, attorney's fees, incidental fees/costs, loss of property and other financial impairments.

156.   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well

as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT EIGHT
### 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

157.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 156 of this Complaint with the same force and effect as though fully set forth herein.

158.    Prior to January 1st, 2018 and since, the County has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force and unreasonable and unlawful searches and seizures against minorities by police officers of the Police Department and other local police departments within the jurisdiction of the Nassau County. Although such illegal use of force and seizure is improper, the Defendant Officers, Officer Bilz and Officer Javorowsky involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the use of force, and seizure of personal property were justified and proper. As a result, Nassau County Police Department's police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be abused under of excessive force, and that such mistreatment would in fact be permitted by the County.

159.    In addition to permitting a pattern and practice of improper abuses of minority populations in Nassau County, the Police Department, County, Defendant Officers, Officer Bilz and Officer Javorowsky  have failed to maintain a proper system of investigation of all incidents of unjustified seizures of personal property, and excessive use of force by police officers.

160.    The County has failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, violate Constitutional rights of citizens, use excessive force, and abuse minorities, and the County  has failed to find that civilian complaints

made against police officers are founded or valid in anyway; therefore the County is liable under 42

U.S.C. § 1983 because the County has had actual and/or constructive knowledge of the patterns of

abuse and excessive force against minorities by its police officers, employees, and/or agents in

violation of the United State Constitution, and because of the County and Police Department's un-

meaningful policy and custom for reviewing complaints of misconduct, Defendant Officers, Officer

Bilz and Officer Javorowsky relied upon that flawed policy to continue their patterns of abuse,

excessive force, unlawful search and seizure of personal property and discriminatory legal

enforcement, all in violation of the Plaintiff's rights.

161.    The County, Police Department, Defendant Officers, Officer Bilz and Officer

Javorowsky have maintained a system of review of unjustified seizures of personal property, and

excessive use of force by police officers that has failed to identify the improper brutality by police

officers and failed to subject officers who brutalized citizens to discipline, closer supervision, or

restraint, to the extent that it has become the custom of the County to tolerate the improper beatings,

illegal arrests and other wrongful actions by police officers.

162.    Upon information and belief, specific systemic flaws in the County brutality review

process include, but are not limited to, the following:

          a.    Preparing reports regarding investigations of beatings shooting incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

          b.    Police officers unlawfully prosecuting Hispanics, and violating rights granted to them by the United States Constitution;

          c.    Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

          d.    Police officers investigating excessive force, fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

          e.    Supervisory police officers at times issue public statements

exonerating police officers for excessive use of force, unlawful searches and seizures of personal property, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

f.      Reports in brutality cases are not reviewed for accuracy by supervisory officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

163.    The foregoing acts, omissions, systemic flaws, policies and customs of the County, Police Department, Defendant Officers, Officer Bilz and Officer Javorowsky caused the Defendant Officers to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

164.    As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendants County, Police Department, Defendant Officers, Officer Bilz and Officer Javorowsky unjustifiably harassed, searched and seized property from, illegally arrested and confined Plaintiff, a citizen of Hispanic heritage, all in violation of his civil and constitutional rights, and Plaintiff  has suffered with the economic loss as well as, from psychological harm, mental distress, humiliation, and embarrassment.

165.    Defendants County and Police Department  were reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the police officers, including Defendant Officers, Officer Bilz and Officer Javorowsky with respect to the use of force against minority persons, the inquiry of minority persons, the bringing of charges against minority persons, and the recognition and preservation of the civil and constitutional rights of minority persons.

166.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A COUNT NINE
## ASSAULT& BATTERY UNDER STATE LAW

167.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 166 of this Complaint with the same force and effect as though fully set forth herein

168.    On or about January 1, 2018 Defendant Officers, Officer Bilz and Officer Javorowsky assaulted Plaintiff by placing Plaintiff in imminent fear of his life and without any legal or lawful basis, probable cause, or justification.

169.    Nevertheless, Plaintiff was tackled, repeatedly punched and hit, held-down, falsely arrested, handcuffed inside his own home, and while being taken out of his house.

170.    Defendant Officers, Officer Bilz and Officer Javorowsky wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to endure beatings and physical abuse. Plaintiff at no time consented to such abuse or seizure by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

171.    Plaintiff was beat, brutalized, and physically abused against his will. Plaintiff committed no violation and/or act to justify or rationalize such illegal and unlawful conduct by the Defendant Officers,  Officer Javorwosky, Officer Bilz and was subjected to such behavior and unlawful acts under the supervision of County and Police Department.

32

172.    Defendant Officers, Officer Bilz and Officer Javorowsky did intentionally beat, brutalize, and abuse Plaintiff, placing him in fear of imminent danger and/or bodily harm, and subjected him to great pain and physical injury by virtue of Defendant Officers' conduct including, but not limited to, the unwarranted and unjustified excessive use of force on Plaintiff's body.

173.    As a consequence of Collective Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

174.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR COUNT TEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### UNDER STATE LAW

175.    The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 174 of this complaint with the same force and effect as though fully set forth herein.

176.    The County, Police Department, Defendant Officers, Officer Bilz and Officer Javorowsky through their conduct, acts and omissions as set forth in the above pleased allegations, acted outrageously and beyond the bounds of decency, for their above stated, respective roles in: (a)

33

the wrongful detainment, punching, manhandling, false arrest, intimidation and public humiliation

of the Plaintiff and (b) the concealment, cover-up and failure to redress the wrongs done to Plaintiff.

177.     The County, Police Department, Defendant Officers and Officer Javorwosky,

committed the above stated reprehensible, extreme and outrageous actions against Plaintiffs, with

full knowledge that their conduct could cause severe and extreme emotional distress.

178.     Said emotional harm, with psychological physical symptoms manifesting therefrom,

did in fact occur in this case, in that the Plaintiff was debilitated, terrified, humiliated and caused to

suffer fear for his life.

179.     As a consequence of Defendants' wrongful actions, intentional, negligent, and

reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his  freedom,

was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and

suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a

result of the aforesaid unlawful conduct of Defendants.

180.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable

injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well

as punitive damages,  costs and attorneys fees, and any other relief this Court may find just and

proper.

## AS AND FOR A COUNT ELEVEN
### TRESPASS

181.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in

paragraphs 1 through 180 of this complaint with the same force and effect as though fully set forth

herein.

182.    On or about January 1st, 2018, Defendant Officers, Officer Bilz and Officer

Javorowsky intentionally entered, without permission, into Plaintiffs' residential premises located

on 212 Gordon Avenue, Westbury. NY 11590.

183.    Plaintiff repeatedly made requests to Defendant Officers, Officer Bilz and Officer

Javorowsky to leave his property. The Defendants willfully ignored and continued to ignore

Plaintiff's requests.

184.    Instead, Defendant Officers, Officer Bilz and Officer Javorowsky continued to order

Plaintiff to open the front door and Plaintiff adamantly declined. Defendant Officers, Officer Bilz

and Officer Javorowsky ignored Plaintiff's repeated refusals and broke down the front door.

Defendant Officers, Officer Bilz and Officer Javorowsky wrongfully, unlawfully and without

privilege, consent, emergency, necessity, or justification forcefully entered into Plaintiff's house.

185.    Defendant Officers, Officer Bilz and Officer Javorowsky stormed into Plaintiff's

house with complete disregard of Plaintiff's rights as the lawful owner and protector of his house.

Defendant Officers, Officer Bilz and Officer Javorowsky's actions seriously damaged Plaintiff's

house.

186.    As a consequence of Defendants' wrongful actions, intentional, negligent, and

reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was

seriously injured, was subjected to great fear, terror, personal humiliation and degradation, property

damage and suffered and continues to suffer physical pain and impairment, mental and emotional

distress, as a result of the aforesaid unlawful conduct of Defendants.

187.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable

injury and monetary damages, in excess of THREE MILLION ($3,000,000.00) DOLLARS, as well

as punitive damages, costs and attorneys fees, and any other relief this Court may find just and

proper

## PRAYER FOR RELIEF

Plaintiff requests judgment as follows:

a.    First Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

b.    Second Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

c.    Third Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

d.    Fourth Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

e.    Fifth Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

f.    Sixth Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

g.    Seventh Count: in excess of three million ($3,000,000.00) dollars as well punitive damages, costs and attorney's fees.

h.    Eighth Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

i.    Ninth Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

j.    Tenth Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

k.    Eleventh Count: in excess of three million ($3,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

j.    Attorney's fees and costs, pursuant to 42 U.S.C. § 1988.

l.    An Order granting such other legal and equitable relief as the Court deems just and proper

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: Hempstead, New York
      July 6, 2018

                          Respectfully submitted,

                          LAW OFFICES OF
                          FREDERICK K. BREWINGTON

By:                         
                          FREDERICK K. BREWINGTON
                          *Attorneys for Plaintiff*
                          556 Peninsula Boulevard
                          Hempstead, New York 11550
                          (516) 489-6959